UNITED STATES of America, Plaintiff–Appellee,

v.

Samuel A. SIMMONS, Defendant–Appellant.

No. 89–4112.

United States Court of Appeals, Tenth Circuit.

Aug. 23, 1990.

Jerome H. Mooney, III, of Mooney & Associates, Salt Lake City, Utah, for defendant-appellant.

Heather Nelson Cooke (Dee Benson, U.S. Atty., with her on the brief), Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

Before TACHA, McWILLIAMS and BARRETT, Circuit Judges.

TACHA, Circuit Judge.

This appeal is from defendant Samuel A. Simmons' conviction of violating 18 U.S.C. section 3146 by failing to appear at a court proceeding called for the purpose of inquiring into his whereabouts. Simmons further appeals from the district court's denial of his motion to dismiss the charges. We affirm.

## I.

Defendant Samuel A. Simmons, after guilty pleas in a different matter, was ordered by the district court to be placed in the Community Treating Center ("CTC") in Salt Lake City as an alternative to incarceration during the presentence phase of the proceedings. The supervised release order required that Simmons be placed on a twenty-four hour per day placement at the CTC. Further, the order clearly stated Simmons' duty to "appear at all proceedings as required." During the period that Simmons was required to remain at CTC, he was granted permission to leave only for the purposes of attending classes at the University of Utah and attending work. Otherwise, he was to remain physically at CTC.

On January 22, 1989, Simmons was reported missing from CTC. The district court issued a bench warrant for his arrest and set a hearing for 1:30 p.m. January 24, 1989 to inquire into his location. Simmons' counsel received notice of the hearing on that same date. All parties agree that Simmons had no actual notice of the hearing date. Two days later, on January 26, Simmons was arrested, taken into custody, and charged with a violation of 18 U.S.C. § 3146(a)(1) for failure to appear at a court proceeding. After a jury trial, Simmons was found guilty of the offenses charged.

## II.

In this appeal Simmons argues that the evidence regarding his knowing violation of 18 U.S.C. section 3146 was insufficient to support the conviction. He further argues that the notice of the January 24, 1989

 

hearing was insufficient. In our view these arguments lack merit.

 Counsel for the defendant was advised of the hearing on the morning of January 24 and the hearing was scheduled for 1:30 on that same date. Had Simmons abided by the terms of the supervised release order, he would have been available for the court or his attorney to inform him on short notice of the setting of the court hearing. Indeed, the court hearing would not have been required had Simmons complied with the terms of the original supervised release order. Section 3146 requires that the defendant's absence be "willful". Simmons' failure to comply with the supervised release order is a willful failure to be available to receive notice of and be available for any court proceedings that might be scheduled. *See, e.g., United States v. Bourassa,* 411 F.2d 69, 74 (10th Cir.), *cert. denied,* 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969); 1984 U.S.Code Cong. & Admin.News 3182, 3214 (quoting House report discussion of "willfully" and voluntary absence). Simmons was a fugitive as soon as he failed to comply with the terms of the supervised release and absented himself from the CTC. Simmons cannot now complain about his failure to receive personal notice of the court hearing to inquire into his location. *See United States v. DePugh,* 434 F.2d 548, 554 (8th Cir.1970), *cert. denied,* 401 U.S. 978, 91 S.Ct. 1208, 28 L.Ed.2d 328 (1971). We further note that Simmons made no attempt to contact his attorney or the court with regard to his voluntary absence from CTC. Under these circumstances no actual notice to the defendant was necessary. The notice to his attorney was sufficient.

Simmons' second contention is that the government should have proceeded by seeking contempt sanctions for his violation of the district court's order rather than seeking a conviction under 18 U.S.C. section 3146. We disagree. Where a defendant, as here, has violated both a court order and section 3146, the government did

not err in choosing to pursue the statutory remedy.

We AFFIRM.