**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 1997**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

NORMAN T., a juvenile,

      Defendant-Appellant.

No. 97-2052

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-96-299 JP)**

---

Sharon R. Kimball (John J. Kelly, United States Attorney, with her on the brief), Executive Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

John V. Butcher, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

---

Before **SEYMOUR,** Chief Judge, and **PORFILIO** and **BRORBY**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

---

Norman T. appeals his adjudication of juvenile delinquency in the United States District Court for the District of New Mexico. After a non-jury trial held September 25, 1996, the district court adjudged Norman T. a juvenile delinquent pursuant to the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031, *et seq.*, finding he had committed Aggravated Sexual Abuse in violation of 18 U.S.C. §§ 2241(c), and 2246(2)(C) by digitally penetrating the genital opening of a minor with the required intent. The district court placed Norman T. on probation for three years and required, among other things, completion of mental health and sex abuse counseling. The case was properly before the federal district court because both Norman T. and the victim are Indians and because the incident took place within the Acoma Indian Reservation in New Mexico. This court has jurisdiction over Norman T.'s timely filed appeal pursuant to 28 U.S.C. § 1291.

Norman T. raises several issues: he challenges the district court's reading of 18 U.S.C. § 2246(2)(C); he contests the sufficiency of the evidence on the elements of penetration and intent; he argues the district court erred in allowing the victim to testify; and he contends the district court improperly admitted hearsay testimony. Because we find no reversible error, we affirm the district court's judgment.

The victim, five years old at the time of the incident, lived with her grandmother and an uncle on the Acoma Indian Reservation. After school, she regularly stayed at her grandmother's sister's house until her grandmother or her uncle came home from work. Norman T., fourteen years old at the time of the incident, is the victim's cousin and lives in the house where the victim spent her afternoons.

One afternoon, while Norman T. and the victim were watching television, he made her get on his lap and, through her clothing, briefly inserted his finger into her genital opening. He then told her not to tell anyone what he had done or he would hurt her. The victim got off Norman T.'s lap and told her great-grandmother (Norman T.'s elderly grandmother, who lived in the house) what Norman T. had done. The great-grandmother took no significant action and did not mention the incident to any other adult.

The next day, the victim went with several members of her family, including her grandmother, to watch a high school basketball game. While in the restroom with Norman T.'s older sister, whom the victim called "Auntie," the victim complained of pain. Norman T.'s sister noticed a small amount of blood on the toilet tissue used by the victim. According to the victim's grandmother,

Norman T.'s sister returned from the restroom and told her what she had observed. On the way home from the game, the grandmother questioned the victim about the cause of her injury. The victim refused to talk about it. (*Id.* at 18.) Once home, the victim's grandmother and mother, who had come to visit, determined the victim should be taken to the hospital to check for signs of sexual abuse. At the hospital, the victim was examined by a nurse and a doctor, both of whom testified she suffered from injuries the doctor described as being consistent with a sexual assault involving digital penetration.

Norman T.'s conviction was based on the district court's finding he had engaged in a "sexual act" as specifically defined in 18 U.S.C. § 2246(2)(C). That subsection defines "sexual act" as "the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(C). Norman T. contends this statute cannot apply in his case because "penetration," as defined by the statute, does not include penetration taking place through clothing. The evidence offered at trial supports a finding penetration took place, if at all, through the victim's underwear and jeans.

Norman T. raised this argument at trial. After briefing and oral argument on the question, the trial court ruled the definition of penetration found in § 2246(2)(C) includes penetration through clothing.[1] This court reviews *de novo* district court interpretations of federal statutes. *Utah v. Babbitt*, 53 F.3d 1145, 1148 (10th Cir. 1995).

The definition section of the sexual abuse chapter of the United States Code is found at 18 U.S.C. § 2246. The section defines "sexual act" as:

(A) contact between the penis and the vulva or the penis and the anus ...;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

---

[1] Our analysis does not strictly follow the district court's reasoning, in part because we avoid some unnecessary confusion regarding the definition of "contact" evident in the district court's opinion. At one point in its discussion of § 2246(2), the district court determines "contact" as used in § 2246(2)(A) & (B) "is defined in § 2246(3) using the words 'the intentional touching, either directly or through the clothing.'" The definition of contact referred to by the district court, however, is actually the definition for "sexual contact," a basis for a distinct offense from those involving the "contact" in aggravated sexual abuse. *See* 18 U.S.C. §§ 2241-2244, 2246. For this reason, it does not appear to us that Congress intended to incorporate the definition of "sexual contact" into § 2246(2)(A) & (B) by use of the general term "contact" in those subsections, as the district court found.

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2). The section defines "sexual contact," a less serious offense, as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

In essence, Norman T. argues penetration through clothing must be considered "sexual contact," not a "sexual act." There is no federal case law on this question.

When attempting to determine the meaning of a statute, courts look to the language of the specific provision in question and to the language of the statute as a whole. *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988). Where the will of Congress "has been expressed in reasonably plain terms, 'that language must ordinarily be regarded as conclusive.'" *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)).

Although Norman T. attempts to obfuscate it, § 2246(2)(C) is expressed in reasonably plain terms. The statute applies without qualification to "penetration, however slight," with the required intent. The statute gives no indication Congress intended to treat penetration through an intervening material differently from direct penetration, and we can think of no valid reason for such a difference in treatment. The two acts are comparably invasive.

Unquestionably, some penetration could occur through pliable clothing, like underwear. The existence of intervening material, such as clothing, may raise an issue of fact regarding whether penetration occurred, and a trier of fact may reasonably infer the likelihood of penetration is inversely proportional to the amount (or non-pliable nature) of the intervening material. Existence of such material does not, however, protect defendants from prosecution under this statute.

Subsection (D) of § 2246(2) explicitly requires the offensive touching defined in the section not be through clothing. Norman T. suggests this is also an implicit requirement of the first three subsections of § 2246(2), given the nature of the acts proscribed (*i.e.* penile penetration, oral-genital contact, and digital penetration). We do not agree; the existence of clothing may make it more

-7-

difficult, or impossible, to perform these offenses, but that is a factual question, not a legal one. Unlike subsection (D), the first three subsections of § 2246(2) do not contain a restriction concerning clothing, and we decline Norman T.'s invitation to read such a limitation into them.

Congress established a statutory scheme in which sexual offenses were broken down into two categories: sexual abuse and sexual contact. Sexual abuse offenses are treated as more serious than sexual contact offenses. 18 U.S.C. §§ 2241-2245. The gravamen of the offense proscribed in § 2246(2)(C) is penetration. The gravamen of sexual contact is contact. Congress reasonably determined penetration is more serious than contact. If the penetration is achieved through clothing, it is reasonable to believe Congress still would consider it more serious than mere contact. If § 2246(2)(A)-(C) are read to require direct contact, as Norman T. argues, abusive sexual contact would be the only chargeable offense for violent and intrusive sexual assaults, in which there is an intervening layer of material between the relevant body parts of the assailant and victim. Congress could not have intended this result.

Norman T. is essentially confusing a factual argument (penetration cannot take place through clothing) with a legal argument (§ 2246(2)(C) does not include

penetration through clothing). Although the factual argument may be availing in some cases, the legal argument is not. We agree with the district court the definition of penetration in § 2246(2)(C) incorporates penetration through clothing.

Norman T. argues insufficient evidence was presented at trial to support the district court's findings concerning the elements of intent and penetration. The standard of review when a criminal appellant questions the sufficiency of the evidence is "whether any rational factfinder, viewing the evidence and reasonable inferences therefrom as a whole in the light most favorable to the prosecution, could find the essential elements of the crime beyond a reasonable doubt." *United States v. Pike*, 36 F.3d 1011, 1012 (10th Cir. 1994), *cert. denied*, 513 U.S. 1181 (1995) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Section 2246(2)(C) requires the offending penetration be done with "an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(C). The district court found intent was "implicit in the circumstances surrounding the defendant's conduct," basing its finding specifically on the place of the touching, the depth of the touching, and the threat made by Norman T..

Norman T.'s argument on this issue consists of challenges to the district court's factual findings on the place of the touching, the depth of the touching, and the threat. As discussed below, the court's findings concerning the place and depth of the touching are amply supported by the evidence. As for the threat, Norman T. argues the victim did not perceive it as significant because she immediately told her great-grandmother what Norman T. did. This argument is not persuasive; we believe the actions of the victim in face of the threat are irrelevant for the purpose of determining the intent evidenced by the making of the threat.

A rational trier of fact could have found Norman T. acted with the required intent based on the circumstances surrounding the incident. Norman T. had the victim sit on his lap when the two were alone and penetrated her genitalia so forcefully the area remained painful for at least a day. He then demonstrated he knew what he had done was wrong by threatening the victim with retaliation if she told anyone about it. One would be hard pressed to think of a reason he might have done this except to abuse, humiliate, harass, or degrade the victim, or to arouse or gratify his sexual desire.

Norman T. further argues the district court erred in eliminating the sexual intent required by the statute by finding only that Norman T. had the intent to "abuse, humiliate, [or] harass." This argument also lacks merit. The facts of this case suggest a sexual element to the abuse and the statute requires no more than a finding of an intent to abuse, humiliate, or harass, among other things. We see nothing to suggest the district court divorced the sexual element from the intent requirement,[2] so we reject Norman T.'s argument on this point.

Norman T. also challenges the sufficiency of the evidence on the element of penetration. As discussed above, § 2246(2)(C) applies to any penetration, however slight, of the victim's genital opening. Norman T. reads this to require vaginal penetration, but that is simply not the requirement found in the statute. There is ample evidence in the record to support the district court's finding Norman T. digitally penetrated the victim's genital opening.

The victim testified he touched her in her "wooze," where she urinates. She stated, among other things, "[h]e stuck his finger *in* me," and "[h]e put his finger *in my body*." She also confirmed her clothing went with Norman T.'s finger

---

[2] We do not decide whether there is an implicit sexual requirement in all of the intent elements of § 2246(2)(C) because that question need not be addressed on the facts of this case.

inside her body. The district court found this testimony particularly credible. The nurse testified the victim told her: "He was keeping [his fingers] in [my privates]. He was carrying me and we were watching cartoons and he sneaked his hands in my privates." Furthermore, during the examination, the doctor and the nurse found the victim's labia majora and labia minora were red and swollen, which the doctor confirmed was consistent with, among other things, digital penetration.

The labia majora cover the genital opening, and labia minora are within the labia majora. Therefore penetration deep enough to cause injury to the labia minora is sufficient to violate § 2246(2)(C). Viewing the evidence in the light most favorable to the prosecution, as required, we believe a reasonable trier of fact could find beyond a reasonable doubt such penetration took place in this case.

Norman T. contends the district court erred in finding the victim competent to testify. District courts have "broad discretion in determining the competency of a witness to testify, and [their] decision[s] will not be reversed in the absence of an abuse of discretion." *United States v. Gomez*, 807 F.2d 1523, 1527 (10th Cir. 1986).

By statute, child victims are presumed competent to testify. 18 U.S.C. § 3509(c)(2). A court may only conduct a competency examination of a proposed child witness upon submission of a written motion by a party offering proof of incompetency and *compelling* reasons for the examination. 18 U.S.C. § 3509(c)(3) and (4) (emphasis added). Norman T. did not submit a written motion to the trial court contesting the victim's competency as a witness as required by 18 U.S.C. § 3509(c)(3). For this reason, he has failed to preserve this issue for appeal. *See United States v. Rouse*, 111 F.3d 561, 567 n.3 (8th Cir.), *cert. denied*, 118 S. Ct. 261 (1997).

Norman T. appeals two decisions by the district court to admit testimony he contends was inadmissable hearsay. Because evidentiary decisions fall within the discretion of the trial court, we review such decisions for abuse of discretion. *Tome v. United States*, 61 F.3d 1446, 1449 (10th Cir. 1995). Our review of decisions admitting statements contested as hearsay is especially deferential. *Id.*

First, the district court admitted, over the objection of Norman T., the records and testimony of medical personnel concerning statements made by the victim the night her mother and grandmother took her to the hospital. The court admitted these hearsay statements as substantive evidence, pursuant primarily to

the exception to the hearsay rule found in Fed. R. Evid. 803(4) ("Statements for purposes of medical diagnosis or treatment.").  Because we find the admission of these statements under Rule 803(4) was proper, we do not need to address the other possibly relevant exceptions cited by the district court.

The victim told the doctor:  "Yesterday he touched me, Norman [T.], he touched my privates; his finger, he was keeping it in there.  He sneaked his hand in my privates."  She told the nurse:  "Yesterday he touched me.  Norman [T.], he touched my privates....  [With h]is hands, his fingers.  He was keeping it in there. He was carrying me and we were watching cartoons and he sneaked his hands in my privates."  Norman T. argues these statements were admitted improperly under Rule 803(4) because the victim did not understand the nature of her relationship with the medical personnel, thereby undermining the likelihood of credibility upon which the exception is based.

Rule 803(4) provides an exception to the hearsay rule for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."  Fed. R. Evid. 803(4).  The exception is

based on the longstanding assumption patients have an overriding interest in telling the truth when seeking medical treatment. *See White v. Illinois*, 502 U.S. 346, 355-56 (1992); Fed. R. Evid. 803(4) advisory committee's notes. Norman T. asserts the victim, because of her age, was unaware of the necessity of telling the truth to the medical personnel treating her.

Norman T. cites no authoritative law supporting his contention Rule 803(4) does not apply to young children. In fact, the case law of the Supreme Court and this Circuit suggests otherwise. Without discussing the issue of age, the Court upheld the admission of statements made by a four-year-old abuse victim to a doctor because statements made when procuring medical services "carr[y] special guarantees of credibility." *White*, 502 U.S. at 356 (ruling against Confrontation Clause challenge to admission of statements because child did not testify in court). Also, this court has previously affirmed admission, pursuant to Rule 803(4), of statements made to doctors by a child abuse victim no older than the victim in this case. *Tome*, 61 F.3d at 1449-51. For these reasons, we will not create the presumption Norman T. requests.

Norman T. also fails to point to any actual evidence in this case to show specifically this victim did not understand she was seeking medical treatment. To

qualify for the exception, statements must be "reasonably pertinent to diagnosis or treatment." *United States v. Joe*, 8 F.3d 1488, 1494 n.5 (10th Cir. 1993), *cert. denied*, 510 U.S. 1184 (1994); Fed. R. Evid. 803(4). Although the victim was young, there is evidence to support the district court's determination the statements were reasonably pertinent to diagnosis or treatment. The victim was complaining of pain. She had been to the hospital many times before because her brother needed asthma treatments. She knew the nurse and had talked with her before. When he first met with the victim, the doctor discussed with her the difference between telling the truth and telling a lie. And, the doctor described patient history as the "predominant part of reaching [a] diagnosis," and confirmed for the trial court the type of information he obtained from the victim was the type he normally would try to obtain from a patient. Furthermore, the victim testified and was subject to cross-examination by Norman T.'s attorney. The opportunity to cross-examine the out-of-court declarant helps ensure the fairness and integrity of the proceedings where hearsay testimony has been admitted. *See United States v. Abreu*, 962 F.2d 1425, 1430 (10th Cir. 1992), *vacated on other grounds*, 508 U.S. 935 (1993) (conducting plain error analysis). Accordingly, the district acted well within its discretion in admitting these statements pursuant to Rule 803(4).

Norman T. also specifically challenges admission of the doctor's and nurse's testimony concerning the victim's identification of him as her abuser, arguing his identity was not reasonably pertinent to the diagnosis or treatment of the victim. Norman T. did not raise this issue at trial, and as such failed to preserve it for appeal.

A timely objection, accompanied by a statement of the specific ground of the objection, must be made when evidence is offered at trial to preserve the question for appeal, unless the ground is apparent from the context of the objection. *United States v. Taylor*, 800 F.2d 1012, 1017 (10th Cir. 1986), *cert. denied*, 484 U.S. 838 (1987); Fed. R. Evid. 103(a)(1). "The specific ground for reversal of an evidentiary ruling on appeal must ... be the same as that raised at trial." *Taylor*, 800 F.2d at 1017. Unless a defendant makes a timely and proper objection, the alleged error cannot be raised on appeal unless "'it constitutes plain error resulting in manifest injustice.'" *United States v. Mendoza-Salgado*, 964 F.2d 993, 1008 (10th Cir. 1992) (quoting *Taylor*, 800 F.2d at 1017).

At trial, Norman T. based his objections to admission of the victim's statements to the doctor and nurse on two points: the victim did not understand the importance of telling medical personnel the truth, thereby undermining the

rationale behind the exception; and the interviews were conducted for law enforcement purposes, not medical purposes. At no time did Norman T. raise an objection to the introduction of statements identifying him as the abuser because such statement would not be reasonably pertinent to the victim's treatment, and at no time was such an objection apparent from the context. Because Norman T. did not object at trial, offering the district court an opportunity to consider the question, and because there was no plain error resulting in manifest injustice, it is waived.[3]

Second, the district court admitted as non-hearsay, over the objection of Norman T., the victim's grandmother's testimony regarding the questions she and

---

[3] Even if this allegation of error had not been waived, Norman T. would have been unsuccessful on the merits of his argument. Assuming, for the purposes of this discussion, the district court had erred in admitting the statements of identity, any such error would have been harmless. Improper admission of hearsay testimony is not a constitutional error, and as such is considered harmless error unless "in light of the whole record, [the hearsay] 'substantially influenced' the outcome of the trial." *Tome*, 61 F.3d at 1455. In this case, Norman T.'s identity as the alleged abuser was not at issue; the only question was whether he abused the victim. Also, the statements of identity to the medical personnel were merely cumulative because the victim testified at trial that Norman T. was the one who abused her. We have grave doubts whether the statements of identity had any influence on the outcome of the trial whatsoever, and as such must find their admission to be harmless error, if error at all. *See also National Labor Relations Bd. v. Carpet, Linoleum, & Resilient Tile Layers Local Union No. 419*, 213 F.2d 49, 53 (10th Cir. 1954) (presuming on appeal that in a case tried before the court a judge will only consider competent evidence).

the victim's mother asked the victim, and the answers the victim gave, the night they took the victim to the hospital. On appeal, Norman T. contests the district court's admission, through the grandmother's testimony, of the victim's answers to those questions. Because we find the admission of these statements as non-hearsay was proper, we do not need to address the alternative Fed. R. Evid. 801(d)(1)(B) exception cited by the district court.

With respect to this matter, the court stated: "I will not accept the part of [the grandmother's testimony] that was the child witness's responses as being proof of the truth of the offense. It will have to stand on the testimony that [the victim] directly gave." And further, in the court's Memorandum of Decision:

> I admitted the evidence at that time not for the purpose of proving the truth of the matter asserted but rather to demonstrate the manner in which the child was questioned regarding the incident. It was admitted during trial for the limited purpose of rebutting a contention that the questioning by the adults suggested descriptions of events to [the victim] who merely adopted the adults' stories.

Lastly, in its Memorandum Opinion and Order denying Norman T.'s motion to reconsider, the court again clarified:

> I [admitted the testimony relating the victim's answers because I] noted that the testimony did not fall within the definition of hearsay contained in Rule 801(c) because it was offered not to prove the truth of the matter asserted, but rather to show the settings and ways in which the exchange of questions and answers occurred. It was not admitted as substantive evidence .... I stress that I did not treat the content of the questions or [the victim's] responses to them as

substantive evidence of Norman T.'s guilt. I based my conclusion that the government proved his guilt on other strong, independent evidence.

Norman T. summarily contends the statements could not have been admitted as non-hearsay because the victim's answers to the questions were not relevant to the issue of improper influence, and as such, could only have been admitted as substantive evidence. This is the extent of his discussion of the district court's non-hearsay ruling (he devoted several pages of his brief to challenging the court's alternative Rule 801(d)(1)(B) ruling).

We agree with the district court the victim's answers are as relevant as the questions to examining the possibility of improper influence and to understanding the development of the victim's story. The district court made it clear those statements were not being admitted for the truth of the matter asserted (*i.e.*, to prove Norman T. abused the victim), but were admitted only to show the extent of improper influence, if any, on the victim by those who first questioned her. As such, the statements are non-hearsay. Hearsay is not an issue when "testimony [has] been used to prove merely that [a] statement ha[s] been made. The hearsay rule does not prevent a witness from testifying as to what he has heard; it is rather

a restriction on the proof of fact through extrajudicial statements."  *Dutton v. Evans*, 400 U.S. 74, 88 (1970).

> Furthermore,
>
> this was a non-jury case and in such a case "... questions raised relative to the admission or exclusion of evidence ... become relatively unimportant, the rules of evidence relating to admission and exclusion being intended primarily for the purpose of withdrawing from the jury matter which might improperly sway the verdict, and not for the trial judge, who is presumed to act only upon proper evidence."

*Stevens v. Vowell*, 343 F.2d 374, 380 (10th Cir. 1965) (quoting *MacDonnell v. Capital Co.*, 130 F.2d 311, 318 (9th Cir.), *cert. denied*, 317 U.S. 692 (1942)). "The rule is well established that where a cause was tried before the court without a jury, it will be presumed on appeal that testimony improperly admitted was disregarded.  In other words, it will be presumed on appeal that the court considered only competent evidence and disregarded that which was incompetent. *Carpet, Linoleum, & Resilient Tile Layers*, 213 F.2d at 53 (citations omitted).  We have no reason to doubt the district court's repeated exhortations it did not consider these statements as substantive evidence.  The court did not abuse its discretion in admitting the statements as non-hearsay for the limited purpose of examining the question of improper influence.

As this court finds no reversible error, the decision of the district court is

**AFFIRMED**.