**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

vs.

HARLEY REVIS,

  Defendant - Appellant.

No. 99-5238
(D.C. No. 99-CR-68-B)
(N.D. Okla.)

**ORDER AND JUDGMENT**\*

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.\*\*

  Defendant-Appellant Harley Revis appeals from his conviction after a jury

trial of failure to surrender for service of a sentence, 18 U.S.C. § 3146(a)(2). The

district court sentenced Mr. Revis to four months imprisonment, to run

consecutive to his 51 month term imposed on an earlier conviction, followed by

two years supervised release. Mr. Revis raises three claims of error on appeal.

---

 \* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

 \*\* After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

He argues that the trial court erred when it: (1) refused to instruct the jury that contempt of court is a lesser included offense; (2) refused to instruct the jury that "willfulness" is an element of failure to surrender for service of a sentence; and (3) allowed into evidence copies of Mr. Revis' bank records. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Background

On April 30, 1998, Mr. Revis was convicted on fraud charges and sentenced to 51 months imprisonment as well as a period of supervised release, and ordered to pay restitution and a special assessment. He was allowed to remain free on bond pending appeal. On March 3, 1999 we dismissed Mr. Revis' appeal. On April 1, 1999, the district court ordered Mr. Revis to surrender for service of his sentence at FCI La Tuna by 12:00 p.m. on Monday, May 3, 1999. Mr. Revis did not surrender by the appointed time and date, but instead reported to FCI La Tuna on Sunday May 9, 1999.[1]

At trial, Mr. Revis asserted that uncontrollable circumstances prevented him from appearing on the appointed date, that he did not contribute to the

---

[1] Some confusion exists as to whether Mr. Revis voluntarily surrendered on the evening of May 9 and was told to come back the next day for processing, or whether he did not report until May 10. This issue is not material, and we will give Mr. Revis the benefit of the doubt.

creation of those circumstances, and that he appeared as soon as those circumstances ceased to exist. This is an affirmative defense created by statute. See 18 U.S.C. § 3146(c). Specifically, Mr. Revis argued that he did not have the money to travel to the La Tuna facility on the assigned day, because his fiancée, from whom he was going to borrow money for the trip, did not receive her paycheck on time. During its cross-examination of Mr. Revis, the government introduced into evidence three bank statements purporting to show that Mr. Revis had withdrawn over $500 from various accounts in the week prior to the date he was required to report. Mr. Revis claimed that he never withdrew the funds, but rather that the bank was exercising its right of setoff in satisfaction of outstanding loans.

Discussion

1. Contempt of court as a lesser included offense

Mr. Revis requested the trial court to instruct the jury that criminal contempt of court is a lesser included offense of failure to surrender, and the court refused this instruction. See III R. at 153-54. We review de novo whether a defendant was entitled to a lesser included offense instruction. See United States v. Velarde, 214 F.3d 1204, 1213 (10th Cir. 2000). This court uses a four-part test to determine whether a lesser included offense instruction should have been

given. We look at whether: "'(1) there was a proper request; (2) the lesser included offense includes some but not all of the elements of the offense charged; (3) the elements differentiating the two offenses are in dispute; and (4) a jury could rationally convict the defendant of the lesser offense and acquit him of the greater offense.'" United States v. McGuire, 200 F.3d 668, 673 (10th Cir. 1999)(citation omitted).

The trial court properly denied Mr. Revis' request. Criminal contempt in these circumstances requires a showing that Mr. Revis "willfully" disobeyed the court's order to surrender. See 18 U.S.C. § 402. However, the evidence at trial would not have permitted a rational jury to convict Mr. Revis of criminal contempt but acquit him of failure to surrender. None of the elements differentiating the two offenses were in dispute. Mr. Revis admitted the elements of the failure to surrender charge, and tried to establish the statutory affirmative defense, 18 U.S.C. § 3146(c). Had he been successful in establishing this defense, he would have had to be acquitted of both the failure to surrender charge and any contempt of court charge.

2. Failure to instruct on willfulness

Mr. Revis argues that the trial court erred by refusing to give the jury an instruction defining "willfulness," and in refusing to tell the jury that the act must have been done willfully in order for them to convict. He contends that

- 4 -

"willfulness goes to the intent required" and "the element of willfulness is a part of any charged criminal act and just like intent, should be proved beyond a reasonable doubt to the satisfaction of the jury." Aplt. Br. at 7. Mr. Revis properly objected to the instructions at trial. See III R. at 172.

We review the refusal to give a particular jury instruction for an abuse of discretion. See United States v. Gonzalez-Montoya, 161 F.3d 643, 651 (10th Cir. 1998). In determining whether the court properly exercised that discretion, we look at the instructions as a whole to see if they sufficiently cover the issues in the case and focus on the facts presented by the evidence. See United States v. Snow, 82 F.3d 935, 938-39 (10th Cir. 1996). The question of whether the jury was properly instructed is reviewed de novo. See id. at 939.

The jury instructions were proper as a whole. The statute under which Mr. Revis was charged, 18 U.S.C. § 3146(a), clearly specifies that punishment is to be for a "knowing" violation. Nowhere in the statute is the term "willful" mentioned. However, relying upon the legislative history of § 3146, we have held that "Section 3146 requires that the defendant's absence be 'willful.'" United States v. Simmons, 912 F.2d 1215, 1217 (10th Cir. 1990) (relying on United States v. Bourassa, 411 F.2d 69, 74 (10th Cir. 1969)). See also 1984 U.S.C.C.A.N. 3182, 3214 ("By use of the term 'knowingly' as a mental state requirement, the Committee intends to perpetuate the concept of 'willfully' which

appears in the current bail jumping statute . . . .").

In <u>Bryan v. United States</u>, 524 U.S. 184 (1998) the Supreme Court addressed the difference between "knowingly" and "willfully," stating that "the term 'knowingly' does not necessarily have any reference to a culpable state of mind or to knowledge of the law." <u>Id.</u> at 192. Because every citizen is presumed to know the law, in a prosecution for a "knowing" violation of the law, the government need only prove that the defendant purposely did the illegal act; it is "unnecessary to adduce specific evidence to prove that 'an evil-meaning mind' directed the 'evil-doing hand.'" <u>Id.</u> at 193. "More is required, however, with respect to . . . conduct . . . that is only criminal when done 'willfully.'" <u>Id.</u> If "willfulness" is an element, "[t]he jury must find that the defendant acted with an evil-meaning mind, that is to say, that he acted with knowledge that his conduct was unlawful." <u>Id.</u>

The district court instructed the jury that the offense required proof of specific intent, that "the government must prove that a defendant knowingly did an act which the law forbids, or knowingly failed to do an act which the law requires, <u>purposely intending to violate the law.</u>" I R. doc. 30 (emphasis supplied). This comports with a willfulness requirement and adequately instructed the jury in accordance with our precedent.

    3. Allowing bank statements into evidence

At trial, Mr. Revis objected to the introduction of an exhibit consisting of records concerning several bank accounts that were in his name. The records purported to show that over $500 had been withdrawn from three different accounts on which Mr. Revis was the sole account holder less than one week prior to the date he was required to report to begin serving his sentence. The objection raised at trial was that the records were irrelevant without proof of who actually withdrew the money. On appeal, Mr. Revis again objects to the exhibit's relevance, as well as contending that the exhibit should have been kept out because it was hearsay without a recognized exception and because the records were not properly sponsored.

We review the trial court's decision to admit evidence for an abuse of discretion. See United States v. Alahmad, 211 F.3d 538, 542 (10th Cir. 2000). The court's admission of this evidence was proper. Concerning Mr. Revis' relevance argument, the exhibit was unquestionably relevant. Evidence is relevant if it has any tendency to make a consequential fact more or less probable. See Fed. R. Evid. 401. Because Mr. Revis claimed that his inability to afford the trip to the La Tuna facility was responsible for his failure to report on time, bank records showing over $500 in withdrawls from his bank accounts less than a week before he was scheduled to report serve to call this claim into question. Even

though the government did not prove that Mr. Revis himself withdrew the money, and Mr. Revis contends that he did not withdraw the money, but rather that the bank used it as a setoff for unpaid loans, this is a credibility issue for the jury to decide and does not affect the evidence's relevance.

We will not consider Mr. Revis' claims that the evidence was hearsay or improperly authenticated because he did not properly preserve them for appeal. "A timely objection, accompanied by a statement of the specific ground of the objection, must be made when evidence is offered at trial to preserve the question for appeal, unless the ground is apparent from the context of the objection." United States v. Norman T., 129 F.3d 1099, 1106 (10th Cir. 1997). See also Fed. R. Evid. 103(a). "The specific ground for reversal of an evidentiary ruling on appeal must . . . be the same as that raised at trial." United States v. Taylor, 800 F.2d 1012, 1017 (10th Cir. 1986). Mr. Revis did make a timely objection to the exhibit at trial, but the only ground mentioned was relevance. See III R. at 144. Thus, he has failed to preserve his hearsay and authentication issues for appeal.

If a defendant does not raise a timely and proper objection at trial, the matter cannot be considered on appeal unless "it constitutes plain error resulting in manifest injustice." Norman T., 129 F.3d at 1106 (citation and internal quotations omitted). Mr. Revis does not claim that the admission of the challenged evidence amounted to plain error resulting in manifest injustice, nor

do we find that it amounted to such.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge
