**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE DEJESUS FERNANDEZ,

Defendant - Appellant.

No. 03-5022
(D. Ct. No. 01-CR-065-H)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BALDOCK**, and **MCCONNELL**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

After a jury trial, the district court convicted Defendant-Appellant Jose DeJesus Fernandez on seven counts relating to the possession and distribution of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

methamphetamine. On appeal, Mr. Fernandez challenges (1) the denial of his motion for judgment of acquittal, (2) the admission of certain evidence, (3) the denial of his motion to suppress evidence, and (4) his sentence enhancement. We AFFIRM the district court's rulings on all four issues.

## I. Background

On June 8, 2001, a federal grand jury indicted Mr. Fernandez and four co-defendants on eight counts. The indictment charged Mr. Fernandez with seven counts: (1) one count of conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. § 846; (2) three counts of using telephones to facilitate a drug conspiracy in violation of 21 U.S.C. § 843(b); (3) two counts of traveling interstate to promote a drug conspiracy in violation of 18 U.S.C. § 1952; and (4) one count of possessing with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). A jury convicted Mr. Fernandez on all counts. This appeal followed.

On appeal, Mr. Fernandez puts forth four principal arguments. He argues that the district court erred in: (1) denying his motion for a judgment of acquittal; (2) admitting evidence concerning the arrest of Ronald Barrera; (3) denying his motion to suppress certain statements he made after consuming alcohol; and (4) enhancing his sentence under U.S.S.G. § 3B1.1(a). We take jurisdiction of this appeal under 28 U.S.C. § 1291 and AFFIRM.

## II. Discussion

**A.    The District Court Properly Denied Mr. Fernandez's Motion for Judgment of Acquittal.**

Mr. Fernandez first argues that the district court erred by denying his motion for judgment of acquittal. "    We review the denial of a motion for judgment of acquittal *de novo*, viewing the evidence in the light most favorable to the government." *United States v. Bailey*, 327 F.3d 1131, 1140 (10th Cir. 2003) (internal quotations omitted). This inquiry looks to "whether there is evidence from which a jury could find the defendant guilty beyond a reasonable doubt[;] . . . however, we do not weigh the evidence or consider the credibility of the witnesses in making [our] determination." *Id.* (internal quotations omitted). We will only reverse a jury's verdict "if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Haslip*, 160 F.3d 649, 652 (10th Cir. 1998) (quotation omitted).

Mr. Fernandez attacks the denial of his motion for judgment of acquittal on several fronts. He first asserts that Deputy Carlos Guzman, one of the principal witnesses in the case, gave unconvincing testimony, intimating that the testimony was either fabricated, internally inconsistent, or both. We reject this argument because it asks us to evaluate the credibility of Deputy Guzman's testimony. As noted above,  we do not weigh evidence or consider the credibility of witnesses when reviewing evidence in an appeal from the dismissal of a motion for

judgment of acquittal. *Bailey*, 327 F.3d at 1140.

Mr. Fernandez next argues that the district court erred in dismissing the motion because the evidence presented at trial was insufficient to prove the existence of a conspiracy. He states that the record evidence does not show that the alleged co-conspirators acted with any common purpose or design. He therefore urges us to find that "the evidence was so paltry, the allegations so unsubstantiated, that no reasonable jury should have found [Mr. Fernandez] guilty of conspiracy."

"To find a defendant guilty of conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846, the jury must find, beyond a reasonable doubt, (1) an agreement with another person to violate the law, (2) knowledge of the essential objectives of the conspiracy, (3) knowing and voluntary involvement, and (4) interdependence among the alleged conspirators." *United States v. Carter*, 130 F.3d 1432, 1439 (10th Cir. 1997). Moreover, a jury may "infer an agreement constituting a conspiracy from the acts of the parties and other circumstantial evidence indicating concert of action for the accomplishment of a common purpose." *Id.* (internal quotations omitted).

After conducting a thorough review of the record, we find that sufficient record evidence exists to allow a rational jury to find each of the essential elements of conspiracy beyond a reasonable doubt. Indeed, the record indicates

that Deputy Guzman testified that on at least one occasion he met with Mr. Fernandez and an associate to plan a methamphetamine transaction and that at least two other associates were involved in arranging for delivery and transportation of the methamphetamine. This testimony alone is sufficient to allow a reasonable jury to find the existence of a conspiracy. *See, e.g., United States v. Ramirez*, __ F.3d __, 2003 WL 22481803, *5 (10th Cir. Nov. 4, 2003) ("[T]here was sufficient evidence from which a rational fact finder could find the essential elements of conspiracy established with respect to Ramirez. Aside from the evidence about the attempted drug transaction with Agent Mora, Jeannine Sena testified as to several occasions when Ramirez and Marcos Natera picked up quantities of both cocaine and methamphetamine, and she described situations when she observed Arturo direct Ramirez to pick up money from people who owed Arturo money.").

Mr. Fernandez next argues that no rational jury could have found that he used a telephone to facilitate the distribution of drugs. In light of the significant record evidence that Mr. Fernandez did in fact use a telephone to arrange for the sale of methamphetamine, we find this argument unconvincing. Indeed, the record shows that Mr. Fernandez called Deputy Guzman on May 7, 2001, to arrange for the sale of methamphetamine; called two couriers on May 14, 2001, to coordinate the delivery of methamphetamine; and contacted Deputy Guzman on

-5-

May 18, 2001, regarding the sale of methamphetamine.

Pointing to his own lack of knowledge regarding some points of the transaction and his alleged reluctance to complete the deal, Mr. Fernandez asks us to discount this significant evidence because, rather than actually selling drugs to Deputy Guzman, he "may have been trying to 'rip-off' [Deputy] Guzman." As we noted above, we do not   weigh evidence or consider the credibility of witnesses when reviewing evidence in an appeal from the dismissal of a motion for judgment of acquittal.[1] *Bailey*, 327 F.3d at 1140. We leave such determinations to the district court. *Id.*

**B.      The District Court Correctly Admitted Evidence Concerning Ronald Barrera's Arrest.**

Mr. Fernandez next argues that the district court erred by admitting evidence concerning the arrest of Ronald Barrera. "We review a district court's evidentiary rulings for abuse of discretion" *United States v. Curtis*, 344 F.3d 1057, 1067 (10th Cir. 2003). "Under that standard, we will not disturb an evidentiary ruling absent a distinct showing that it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error in judgment." *United States v. Jenkins*, 313 F.3d 549, 558 (10th Cir. 2002).

---

[1] Mr. Fernandez also argued that the interstate-travel counts and the possession count must fail because no conspiracy existed. Because we reject Mr. Fernandez's arguments that no conspiracy existed, we also reject his argument as to the travel and possession counts.

Even "[i]f we find error in the admission of evidence, we will set aside a jury verdict only if the error prejudicially affects a substantial right of a party." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 776 (10th Cir. 1999).

Moreover, "[a] timely objection, accompanied by a statement of the specific ground of the objection, must be made when evidence is offered at trial to preserve the question for appeal, unless the ground is apparent from the context of the objection." *United States v. Norman T.*, 129 F.3d 1099, 1106 (10th Cir. 1997). "The specific ground for reversal of an evidentiary ruling on appeal must be the same as that raised at trial." *Id.*

On appeal, Mr. Fernandez challenges the admission of the evidence on the grounds of relevancy, *see* Fed. R. Evid. 401, and prejudice, *see* Fed. R. Evid. 403. A thorough review of the transcript indicates, however, that at trial he only objected to the relevancy of the evidence. The Federal Rules of Evidence provide that error may not be predicated on a ruling admitting evidence unless there was "a timely objection or motion to strike appear[ing] of record." Fed. R. Evid. 103(a)(1). "The failure to object to the introduction of evidence is deemed a waiver of the objection absent plain error. A plain error is one that is obvious or seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Dodoo v. Seagate Tech., Inc.*, 235 F.3d 522, 529 (10th Cir. 2000) (citations omitted). Thus, we review Mr. Fernandez's Fed. R. Evid. 401 challenge

to the admission of Mr. Barrera's arrest into evidence under the abuse of discretion standard and Mr. Fernandez's Fed. R. Evid. 403 challenge under the plain error standard.

A careful review of the transcript indicates that the district court did not abuse its discretion in admitting evidence of Mr. Barrera's arrest against Mr. Fernandez's relevancy objection. The stipulation stated that (1) Officer James Siler stopped Mr. Barrera and Carlos Ruben Rodriguez in a car eighty-five miles outside of Tulsa; (2) the car was a white, 2001 Chevrolet Malibu that had been rented in Ogden, Utah; (3) Mr. Barrera told Officer Siler that he was a student; (4) Officer Siler found 946 grams of methamphetamine in the trunk of the car; and (5) the methamphetamine was packaged to resemble a birthday present. This evidence was clearly relevant in light of earlier testimony that Mr. Fernandez had authorized a methamphetamine shipment to be delivered by students for whom he had provided a new rental car and that the methamphetamine would be packaged to resemble a present. *See, e.g.*, *United States v. De La Torre*, 634 F.2d 792, 795 (5th Cir. 1981) (conduct of others involved in a conspiracy is relevant as corroborative evidence). We therefore reject Mr. Fernandez's relevancy challenge.

Further, reviewing Mr. Fernandez's Fed. R. Evid. 403 objection under the plain error standard, we find that—even if the admission was an error that was

plain—Mr. Fernandez suffered no prejudice from the admission. The district court went to great lengths to limit Officer Siler's testimony by only allowing the prosecution to introduce the testimony in stipulation format. This method limited any prejudice that Mr. Fernandez could have possibly suffered from the admission. Thus, we find that the district court did not commit plain error by admitting the testimony.

## C. The District Court Properly Rejected Mr. Fernandez's Motion to Suppress

Mr. Fernandez next argues that the district court should have suppressed certain statements that he made after consuming alcohol. "On appeal from a motion to suppress, we accept the district court's factual findings unless clearly erroneous, review questions of law de novo, and view the evidence in the light most favorable to the prevailing party." *United States v. Minjares-Alvarez*, 264 F.3d 980, 983-84 (10th Cir. 2001) (internal quotations omitted) (citations omitted). After fully reviewing the record, we find that sufficient evidence exists to affirm the district court's denial of Mr. Fernandez's motion to suppress.

## D. The District Court Properly Enhanced Mr. Fernandez's Sentence Under U.S.S.G. § 3B1.1(a).

Finally, Mr. Fernandez argues that the district court erred by increasing his sentence for acting as a "leader/organizer" of the conspiracy pursuant to U.S.S.G.

§ 3B1.1(a). We review this determination for clear error.[2] *United States v. Cruz-Camacho*, 137 F.3d 1220, 1223-24 (10th Cir. 1998). A defendant qualifies for a four-point enhancement under § 3B1.1(a) if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."[3] U.S.S.G. § 3B1.1(a) (2002). The comment to § 3B1.1(a) lists several factors that a court may consider in determining a defendant's status as an organizer or leader, including:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. U.S.S.G. § 3B1.1, Application Note 4.

"The gravamen of the enhancement is either the exercise of control over other participants or the organization of others for the purpose of carrying out the crime." *United States v. Tagore*, 158 F.3d 1124, 1131 (10th Cir. 1998).

Moreover, § 3B1.1(a) reads in the disjunctive, meaning that a court may increase a defendant's sentence by four levels if he was either a leader or an organizer. *Tagore*, 158 F.3d at 1131. "A defendant may receive an enhancement

---

[2] Because increases under § 3B1.1(a) are "enhancements" rather than "departures," the multi-part standard of review mandated by the PROTECT Act, Pub. L. No. 108-21, 117 Stat. 650, does not apply. We therefore continue to review such sentencing determinations under the clear error standard.

[3] The record plainly evidences that at least four other people, in addition to Mr. Fernandez, participated in the conspiracy.

as an organizer for devising a criminal scheme, providing the wherewithal to accomplish the criminal objective, and coordinating and overseeing the implementation of the conspiracy." *Id.* (internal quotations omitted).

We find that the district court did not clearly err by increasing Mr. Fernandez's sentence under § 3B1.1(a). In reaching its conclusion, the district court noted that the government's brief in support of the increase provided ample justification that Mr. Fernandez was a leader or an organizer. The district court also highlighted several statements made by Mr. Fernandez regarding his leadership role in the conspiracy. Having reviewed the record in full, we agree with the conclusion of the district court.

## III. Conclusion

For the reasons stated above, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge