[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12436
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00475-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELEFTHERIOS ZACHARIADIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 9, 2016)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Eleftherios Zachariadis appeals his 168-month sentence imposed after pleading guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  Zachariadis asserts the district court erred in applying a five-level sentencing enhancement for engaging in a pattern of activity involving sexual abuse, pursuant to U.S.S.G. § 2G2.2(b)(5).  After review, we affirm.[1]

## I.  DISCUSSION

### A.  Penetration

Zachariadis argues for the first time on appeal that the district court erred in applying the five-level enhancement for a pattern of activity involving the sexual abuse or exploitation of a minor, pursuant to U.S.S.G. § 2G2.2(b)(5), because he did not penetrate the genital opening, as defined in 18 U.S.C. § 2246(2).

Zachariadis did not raise this argument before the district court, so we review for plain error.  *See United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).  For this court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights.  *Id.*

The district court can apply a five-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(5), when the defendant engages in a pattern of activity involving the sexual abuse or exploitation or a minor.  Commentary to § 2G2.2 defines "sexual abuse or exploitation," in part, to mean "conduct described in 18 U.S.C. § 2241,

---

[1]  Because we write for the parties, we set out only what is necessary to explain our decision.

§ 2242 . . . . " U.S.S.G. § 2G.2.2 comment. (n.1).  Section 2241(a) and 2242(1) of Title 18 describe conduct in which a person "causes another person to engage in a sexual act."  *See* 18 U.S.C. 2241(a), 2242(1).  A sexual act is defined, in relevant part, as

> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2)(C).

Neither Congress, the Supreme Court, nor we have defined penetration or genital opening in the context of 18 U.S.C. § 2246(2)(C).[2]  Thus, any error in applying this enhancement is not plain or obvious.  *See Aguillard*, 217 F.3d at 1320 (stating a district court's error is not 'plain' or 'obvious' if there is no precedent directly resolving the issue").  An error is not "plain" unless it is "clear under current law."  *Id.* at 1321.

Additionally, the district court stated it would have imposed the five-level enhancement under the § 3553(a) factors, regardless of whether penetration

---

[2]  However, the First Circuit and the Tenth Circuit have addressed the issue of what constitutes penetration for purposes of § 2246(2)(C).  In *United States v. Jahagirdar*, the First Circuit held that penetration of the labia majora is sufficient to prove penetration of the genital opening under section 2246(2)(C).  466 F.3d 149, 155 (1st Cir. 2006).

In *United States v. Norman T.*, the Tenth Circuit held that "There is ample evidence in the record to support the district court's finding that Norman T. digitally penetrated the victim's genital opening."  129 F.3d 1099, 1104 (10th Cir. 1997).  It relied on victim testimony that the perpetrator "stuck his finger in me," and "[h]e put his finger in my body," and that the victim's clothing went with the perpetrator's finger inside her body.  *Id.*

3

existed.  The court stated "I would have [varied upwards] irrespective of whether there was penetration or not because you have a course of conduct, as she testified to, ten to fifteen times . . . . The penetration is not a deciding factor, and I would have irrespectively made that same finding."  Thus, even assuming the district court erred in applying the five-level enhancement, the error did not affect Zachariadis's substantial rights, because the outcome of the district court proceedings would not have been different.  *See United States v. Vandergrift*, 754 F.3d 1303, 1312 (11th Cir. 2014) (explaining for an error to affect substantial rights, it must affect the outcome of the district court proceedings).  Similarly, this Court will not remand when an error from the application of a guidelines enhancement does not affect the defendant's sentence because the district court would have imposed the same sentence under § 3553(a).  *See United States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006).

*B.  Credibility*

Zachariadis also contends the district court erred in applying the five-level enhancement because he did not abuse LV and LV's testimony was not credible. He argues that the pending supplemental record shows that Zachariadis was not in the country when the alleged sexual abuse occurred.

A district court's findings of fact regarding whether a defendant should receive an enhanced sentence under the sentencing guidelines are reviewed for

clear error.  *United States v. White*, 335 F.3d 1314, 1317 (11th Cir. 2003).  In reaching credibility determinations, we afford substantial deference to the factfinder.  *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003).  The district court observes the witness's testimony and is in a better position than a reviewing court to assess credibility.  *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

After listening to LV state she believed she was 6 and 7 in 1985 and 1986 during the molestation, that she was only approximating her age, that Zachariadis was in the military during that time, and that he passed a polygraph denying molesting any child, the district court was in a better position to assess the credibility of LV.  The district court stated, "to me, [LV] was credible.  I understand what the polygraph results said.  I understand what [Zachariadis] said.  To me it was credible testimony.  And while this is not what this case is about, under the guidelines I can consider those other factors."  Based on the record before it, the district court did not clearly err in concluding that LV was credible and applying the five-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(5).

C.  *Motion to Supplement*

We will "rarely supplement the record to include material that was not before the district court, but we have the equitable power to do so if it is in the

interests of justice." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003).

There are multiple reasons why the supplemental material is insufficient to prove that Zachariadis did not abuse LV. The absence of any United States Customs and Border Protection record of Zachariadis entering or exiting the United States does not conclusively show that Zachariadis was not in the country during 1985 and 1986. Zachariadis was born on December 15, 1966 in Boston, Massachusetts. He could have entered and exited without United States Customs and Border Protection checking his passport or recording his movements.

Additionally, the supplemental information also does not show that Zachariadis was not in the country in 1987. Based on the testimony that LV was 34 in 2014, she could have also been 7 in 1987. Therefore, Zachariadis could have molested LV when she was 7 in 1987, a timeframe consistent with LV's testimony and outside the dates provided by the supplemental information. Therefore, it is unclear this supplemental information would resolve the pending issue of whether there was a pattern of activity involving sexual abuse justifying a five-level enhancement or be in the interests of justice, and the motions to supplement the record are denied. *See Schwartz*, 341 F.3d at 1225 n.4.

6

## II.  CONCLUSION

Accordingly, we **DENY** Zachariadis's motions to supplement the record, and **AFFIRM** his sentence.